## STATE v. RICHARD MORGAN.

*Indictment—Murder.*

It is an indispensable requisite to an indictment for murder by a stroke or blow, that it should allege the infliction of a *mortal wound*, of which the deceased died.

(*State* v. *Baker*, 1 Jones, 267 ; *State* v. *Moses*, 2 Dev., 452, cited and approved.)

INDICTMENT for murder, tried at Fall Term, 1881, of WAKE Superior Court, before *Shipp, J.*

The indictment upon which the prisoner was tried is as follows : " The jurors for the state upon their oath present that Richard Morgan, in Wake county, on the third day of January, 1881, feloniously, wilfully and of his malice aforethought, did discharge a gun loaded with gun powder and leaden bullets, against the right side of the head, a little above the ear of one Berry Bunch, inflicting a wound which produced instant death. And so the jurors for the state upon their oath do say, that the said Richard Morgan, the said Berry Bunch in manner and form aforesaid, and by the aforesaid means feloniously, wilfully and of his malice aforethought, did kill and murder, against the peace and dignity of the state."

The prisoner was found guilty by the jury, and sentence of death pronounced by the court, from which judgment the prisoner appealed.

*Attorney General* and *A. M. Lewis,* for the State.
*Messrs. D. G. Fowle, Bledsoe & Bledsoe* and *R. G. Lewis,* for the prisoner.

ASHE, J. On the trial the prisoner's counsel took several

exceptions to the ruling of the court in excluding evidence offered by the prisoner, all of which were untenable.

Certain special instructions were asked by the prisoner's counsel to be given to the jury, which were either properly refused or substantially given by the court as prayed for.

There was no error in the ruling of the court upon the points of evidence nor with regard to the instructions asked.

But as was our duty to do, we have carefully looked into the record, and are of opinion the bill of indictment upon which the prisoner was tried is fatally defective.

The prisoner has been charged with a heinous crime and found guilty by a jury of his country, and it is with some degree of reluctance that we have come to a conclusion which opposes an obstacle to the course of justice. But we have been sworn to do our duty, and must discharge it according to the law as we find it written, and understand it.

This case shows the impropriety of draughtsmen departing from established precedents and attempting to simplify legal pleadings. The form of the indictment adopted here has probably been taken from some English precedent used since the statute of Victoria, by which the common law strictness in criminal pleading was greatly relaxed, but no such statute has been passed in this state.

The defect in this bill of indictment is, that it fails to charge that a *mortal wound* was given of which the deceased died. The bill does allege that a wound was given, but it does not aver that the wound was mortal. This averment is so essential that it is to be found in all the precedents of indictments for murder, where death was alleged to have been caused by blows, shooting, stabbing, &c., and the omission has been held to be fatal to the prosecution. It is a material averment and one that must be proved.

To make a good indictment, every fact and circumstance which constituted the offence must be stated, and stated with such precision and certainty that the defendant may be en-

abled to judge whether they constitute an indictable offence or not; that he may know what line of defence to adopt; that he may be enabled to determine the species of offence they constitute in order that he may prepare his defence, and that the court may know what kind of judgment to render, if the defendant be convicted. Archbold Cr. Pl., 42.

The day of the stroke and the day of the death must be stated in every indictment for murder, that the court may see that the death ensued within a year and a day after the stroke. One not a lawyer would suppose that they were sufficiently stated in this indictment, for the reason it is stated the wound produced *instant* death, but the word *instant* has no such legal import as is inconsistent with proof of the death at a later period, and therefore cannot aid a defective description of the nature and character of the wound, and so it is held that although it is charged that a death *instantly* ensued from a blow or strike, yet it would do to show that the death occurred twenty or more days after the stroke. *State* v. *Baker*, 1 Jones, 267.

The character of the wound and time of the death should be so specifically charged, as to leave no room for argument or inference that the death may have been produced by any supervening causes.

Hence it is that the averment that the wound was mortal has been held to be an essential requisite in the form of an indictment for murder by shooting, &c.

In 2 Bishop, Cr. Pro., it is laid down that every indictment of this sort must state that the wound was "*mortal.*" In the case of *Rex* v. *Ladd*, reported in 1 Leach, Crown Law, a case submitted to all the judges for their decision upon the points of law involved, they held that the indictment was bad because it did not state that a *mortal wound* had been given.

"In all cases the death by the means stated must be positively alleged, and cannot be taken by implication; and

therefore, where the means of death is alleged to be by any stroke, the indictment should proceed to aver that the prisoner thereby gave to the deceased a *mortal wound* or *bruise,* whereof he died; or where by poison, after stating particularly the manner of the poison being administered, that the party died of the poison so taken and the sickness thereby occasioned. Merely stating the death to be by means of ravishing an infant (waiving the question whether such a means of death could be deemed murder) without any allegation that the wound, bruise or hurt was *mortal,* was holden not to be sufficient." 1 East. P. C., 343.

In this state Chief Justice RUFFIN in the case of *State* v. *Moses,* 2 Dev., 452, in discussing the question whether the length and breadth of a wound is a necessary averment in an indictment for murder, and while expressing the opinion that it was one of the "formalities" cured by the act of 1811, observed, that, "the substance is, that the prisoner gave the deceased *a mortal blow of which he died.* A stroke, a mortal wound inflicted thereby, and the averment of death by that wound, are essential. To those points proof has at all times been required." And he further adds: "The wound, its mortality, and its actual causing the death, are the substantial parts, and the rest the refined formalities." So that according to the opinion of this eminent jurist, the charge of giving the *mortal wound* was not one of these formalities or refinements, the omission of which is cured by the act of 1811, but is an essential averment in every bill of indictment for murder, when the death is alleged to have been caused by a stroke or blow.

We feel constrained by these authorities to hold that this bill of indictment is defective. The judgment of the court below is therefore arrested.

Let this be certified to the superior court of Wake county.

Error.                            Judgment arrested.